IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2012

## JEREMY D. CALDWELL v. LINDA NEAL AS CLERK OF THE CIRCUIT COURT, WILSON COUNTY, TENNESSEE

**Appeal from the Circuit Court for Wilson County**
**No. 2009CV1935      John D. Wooten, Jr., Judge**

———————————

**No. M2011-02228-COA-R3-CV - Filed August 16, 2012**

———————————

Plaintiff appeals the dismissal of his action for failure to prosecute. We hold that, in light of the uncontradicted fact that Plaintiff was not properly served with notice of the trial date, the case should not have been dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNET, JJ., joined.

Jeremy D. Caldwell, Pikeville, Tennessee, Appellant, Pro Se.

Jeffrey M. Beemer and Kerry M. Ewald, Nashville, Tennessee, for the Appellee, Linda Neal, as Clerk of the Circuit Court, Wilson County, Tennessee.

**MEMORANDUM OPINION[1]**

This case comes before this court for the second time. Jeremy Caldwell ("Plaintiff"), an inmate presently incarcerated at Southeastern Tennessee State Regional Correctional Facility, initiated an action against Linda Neal ("Defendant"), Circuit Court Clerk for Wilson

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County, alleging that $766.00 was deducted from his inmate trust account to pay costs erroneously assessed in the cases which led to his incarceration. Plaintiff alleged that the costs were deducted in violation of an agreement whereby he pled guilty to three charges; he asserted that part of the consideration for his plea was that there would be no fines or costs assessed. In the earlier appeal, *Caldwell v. Neal*, No. M2010-00473-COA-R3-CV, 2010 WL 5549036 (Tenn. Ct. App. Dec. 28, 2010), we reversed the trial court's grant of summary judgment to Defendant and remanded the case for further proceedings.

On remand, Defendant filed a motion on June 24, 2011 to set the case for trial; the certificate of service attests that a copy of the motion was served upon Plaintiff at Southeastern Correctional Facility in Pikeville. On July 14, the court entered an order setting the case for September 2; the certificate on the order setting the case attests that a copy of the order was served on Plaintiff at Hardemann County Correctional Facility in Whiteville. Defendant thereafter filed a witness list and exhibit list, serving Plaintiff at Southeastern Correctional Facility; neither list stated the date of trial.

On September 2, counsel for Defendant appeared for trial; Plaintiff was not present in person or by counsel. Counsel moved to dismiss the action for failure to prosecute; the motion was granted. Plaintiff appeals, asserting that the court erred in dismissing the case for failure to prosecute. Plaintiff also raises the issue of whether he is "entitled to judgment in his favor on the proceedings, under Rule 12.03, Tennessee Rules of Civil Procedure." Defendant raises separate issues: whether Plaintiff's arguments that he did not receive notice of the trial date and that he was prejudiced by the Defendant's employment relationship with the Trial Court have been waived; Defendant also argues that the employment relationship issue is without merit.

We have determined, on the basis of the record before us, that the court erred in dismissing the case for failure to prosecute. Defendant acknowledges that, while the motion to set the case for trial and the witness and exhibit lists were sent to Plaintiff's proper address, the order setting the case for trial was sent to the wrong address. Neither the motion nor the lists contained the date for the trial. Consequently, it cannot be said that Plaintiff failed to prosecute the action within the meaning of Tenn. R. Civ. P. 41.02(1).

Defendant contends that Plaintiff has waived the argument that he did not receive notice of the trial date because he did not raise the issue with the trial court. We do not agree. It was Defendant's responsibility to properly serve Plaintiff with the order setting the trial date; Defendant has failed to show why the notice setting the hearing was sent to the wrong address. The case was dismissed for failure to prosecute when Plaintiff did not appear at trial. We decline to hold, under these circumstances, that Plaintiff is precluded by the doctrine of waiver from appealing the dismissal of his action.

Our disposition of these issues pretermits our consideration of the other issues raised.

Accordingly, the judgment of the Circuit Court dismissing this case is reversed, and the case remanded for further proceedings.

_____
RICHARD H. DINKINS, JUDGE